Case 3:20-cv-00076   Document 13   Filed on 07/22/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED COMMUNITY BANK, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00076 |
| | § | |
| LOVEN BF, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff's Motion for Summary Final Judgment as to Counts I, II and III and Incorporated Memorandum of Law (Dkt. 10) is currently before me. In this motion, Plaintiff United Community Bank, Inc. ("United Community Bank") asks me to enter a default judgment against Loven BF, Inc. ("Loven BF"), Evlon E. Charles, and Natasha A. Charles (collectively, "Defendants"). For the reasons set forth below, I recommend that this motion be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

United Community Bank filed this lawsuit in March 2020 against Defendants to collect damages based on a promissory note and guarantees. According to the Complaint, Loven BF obtained a loan from United Community Bank on January 6, 2017, in the amount of $150,000.00. That same day, Evlon E. Charles and Natasha A. Charles each executed and delivered a U.S. Small Business Administration Unconditional Guarantee. Pursuant to those guarantees, Evlon E. Charles and Natasha A. Charles each, jointly and severally, guaranteed all amounts owing under the promissory note. The Complaint alleges that

Loven BF, having failed to make timely loan payments beginning on July 5, 2019, is in default of the promissory note. The lawsuit further alleges that United Community Bank gave Defendants an opportunity to cure the default, but Defendants failed to make the required payments. The promissory note and guarantees are attached to the Complaint.

Because Defendants have failed to file an answer or other responsive pleading, United Community Bank has moved for default judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has failed to plead or otherwise defend. Even when the defendant is technically in default, a party is not entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The entry of a default judgment is generally committed to the discretion of the district court. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

# ANALYSIS

There is a three-part test I must follow to determine whether to enter a default judgment. *See Aberle v. GP Clubs, LLC*, No. A-19-CV-1066-RP, 2020 WL 4035074, at *2 (W.D. Tex. July 17, 2020). First, I must consider whether the entry of a default judgment is procedurally warranted. *See id*. Second, I must assess the substantive merits of United Community Bank's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *See id*. Finally, I must determine what relief, if any, United Community Bank should receive. *See id*.

**A.    A DEFAULT JUDGMENT IS PROCEDURALLY WARRANTED**

United Community Bank has presented evidence that Defendants were each served a copy of the Summons and Complaint on March 23, 2020 by private process server. Defendants' deadline to respond to this lawsuit expired on April 13, 2020, and was extended by agreement to May 4, 2020. To date, Defendants have failed to serve or file a responsive pleading. Pursuant to Rule 55, United Community Bank sought an entry of default against Defendants. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). On May 7, 2020, the clerk entered default against Defendants. Once a default has been entered, and upon a party's motion, a court may enter a default judgment. *See* FED. R. CIV. P. 55(b).

To determine whether to enter default judgment, the Fifth Circuit requires that district courts examine: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4)

whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would consider itself obligated to set aside a default on the defendant's motion. *See Lindsey*, 161 F.3d at 893.

Applying the *Lindsey* factors, I conclude that a default judgment against Defendants is entirely appropriate. First, there are no material issues of fact. Because Defendants have failed to answer the lawsuit, they are deemed to have admitted the allegations against them set forth in the Complaint. *See* FED. R. CIV. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."). Second, there is no prejudice against Defendants. They were properly served in March 2020 and failed to respond to the lawsuit, despite having four months to do so. Third, the grounds for default are clearly established. Fourth, I am unaware of any good faith mistake or excusable neglect that militates against default. Fifth, I do not find a default judgment to be harsh when Defendants have not even bothered to respond to the lawsuit. Sixth, I am aware of no facts that would cause me to set aside the default judgment should it be challenged at a later date.

**B.    THERE IS A SUFFICIENT BASIS IN THE COMPLAINT FOR THE ENTRY OF A DEFAULT JUDGMENT**

Next, I must assess the substantive merits of United Community Bank's claims. *See Nishimatsu*, 515 F.2d at 1206. Although Defendants are deemed to have admitted the allegations in the Complaint as a result of their default, I must still review the pleadings to determine whether there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Id.* "When considering whether such a basis is presented, a court accepts as true

the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted." *Shaw v. Galo Equip. & Constr., LLC*, No. 5-19-CV-00859-DAE, 2020 WL 3118928, at *2 (W.D. Tex. June 12, 2020).

United Community Bank is entitled to a default judgment because the facts alleged in the Complaint state a breach of contract claim upon which relief may be granted. Under Texas law, there are four essential elements to a breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quotation marks and citation omitted). The allegations set out in the Complaint easily satisfy these four elements. Specifically, the Complaint alleges: (1) the promissory note and guarantees at issue are valid and binding contracts, enforceable against Defendants in accordance with their terms; (2) United Community Bank performed its contractual obligations; (3) Loven BF has failed, and continues to fail, to pay as required by the promissory note; Evlon E. Charles and Natasha A. Charles have failed to satisfy their obligations under the guarantees; and (4) United Community Bank has sustained damages as a result of Defendants' breach of contract. Given these well-pleaded factual allegations, a default judgment is entirely appropriate.

**C.    COMPUTATION OF DAMAGES**

Having determined that a default judgment is appropriate, the only remaining issue I need to address relates to an award of damages. *See Pope v. United States*, 323 U.S. 1,

12 (1944) (After granting default judgment, it is the district court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.").

First, I note that a district court has "wide latitude" in determining whether an evidentiary hearing should be conducted when awarding damages after a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). When the amount sought can be demonstrated "by detailed affidavits establishing the necessary facts," an evidentiary hearing would serve no useful purpose. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). That is precisely the situation here. Because I can calculate the amount of damages by reviewing the pleadings and supporting documents on file, there is simply no need to "jump through the hoop of an evidentiary hearing." *James*, 6 F.3d at 311.

In support of its claim for monetary damages, United Community Bank has submitted the affidavit of Raphael Baker, an SBA Senior Portfolio Manager at the bank. Baker claims to be familiar with the books and records detailing United Community Bank's dealings with Defendants. This affidavit testimony clearly establishes that the unpaid principal amount of the promissory note is $126,506.01, and late charges in the amount of $1,087.35 are due and owing. United Community Bank also firmly establishes that the amount of accrued interest due through July 22, 2020 is $9,290.15, with a per diem interest rate of $20.80 accruing daily through the date of the final judgment in this matter. Added to this amount is $11,827.95 in attorney's fees and costs, which, as United Community Bank has demonstrated through an affidavit from its counsel, are reasonable and necessary fees and costs incurred in the prosecution of this action. United Community Bank is

entitled to recover these attorney's fees as a prevailing party in this breach of contract action.  *See* TEX. CIV. PRAC. & REM. CODE 38.001(8).

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the District Judge **GRANT** United Community Bank's request for entry of a default judgment (Dkt. 10) and enter judgment in favor of United Community Bank and against Defendants, jointly and severally, in the amount of $149,431.46, representing $126,506.01 for the unpaid amount of the promissory note, $1,807.35 for late charges, $9,290.15 in unpaid interest through July 22, 2020, with a per diem interest rate of $20.80 continuing to accrue daily though the date of the final judgment in this matter, and $11,827.95 in attorney's fees and costs,  Post-judgment interest should accrue at the statutory rate on the date judgment is entered.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Galveston, Texas, this 22nd day of July, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

7